**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.                                                          Criminal Case No: 2:08cr9

NICHOLAS SHANE MATTHEWS,

      Defendant.

## REPORT AND RECOMMENDATION/OPINION REGARDING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Nicholas Shane Matthews, appeared before me in person and by counsel, Brian J. Kornbrath, on May 27, 2008. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by inquiring what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement. The Court asked the Government to tender the original written plea agreement to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between

an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Nicholas Shane Matthews, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and

the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to three (3) years of supervised release; and understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing. Defendant further understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of supervised release.

Defendant also understood that his specific or actual sentence, if the plea was accepted by the District Judge, would be within the range of thirty (30) to thirty-seven (37) months of imprisonment. Defendant also understood that the District Judge may accept the plea agreement,

3

reject it, or defer a decision until the Court has reviewed a presentence report; however, if the Court accepts the plea agreement, the agreed disposition of a specific sentence of at least thirty (30) but no more than thirty-seven (37) months will be included in the judgment. If, on the other hand, the Court rejects the plea agreement, the Court shall so advise the parties pursuant to Rule 11(c)(3)(A)(5), and thereupon, Defendant shall have the opportunity to withdraw his guilty plea.

Defendant also understands that, if, in the opinion of the United States, he fully complies with his obligations under the terms of the plea agreement, the United States will recommend a sentence of imprisonment of thirty (30) months. This recommendation, however, is not binding on the Court, and Defendant will not have the right to withdraw his plea of guilty so long as the Court otherwise sentences him within the 30 to 37 month range specified in the agreement.

The undersigned Magistrate Judge further inquired of Defendant and determined that he understood, with respect to the plea bargain agreement and to his entry of a plea of guilty to the felony charge contained in the one-count Information, the undersigned Magistrate Judge would write the subject Opinion/Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Opinion/Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty, including but not limited to the binding provision that Defendant's actual sentence imposed be between 30 and 37 months of incarceration.

The undersigned United States Magistrate Judge further determined that Defendant

understood and agreed to the stipulation contained in the plea agreement, which states as follows:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, between on or about April 2006 through on or about February 8, 2007, at or near Jane Lew, Roanoke and Weston, Lewis County, West Virginia, the defendant did knowingly and willfully conspire with other persons known and unknown to the United States Attorney to commit an offense against the United States, to wit: to violate Title 21, United States Code, Section 841(c)(1). The parties further stipulate and agree that it was a purpose and object of the conspiracy knowingly and intentionally to possess Pseudoephedrine, a List I chemical, with intent to manufacture a mixture and substance containing a detectable amount of methamphetamine, a controlled substance. The parties stipulate and agree that the defendant's total relevant conduct in this case is at least 4G but less than 6G of Pseudoephedrine [Base Offense Level of 20 under §2D1.11], and that a §2D1.11(b)(1) enhancement for [sic] should apply due to defendant's possession of firearms.

Defendant understood that the Court is not bound by the above stipulations and is not required to accept same. Defendant also understood that should the Court not accept the above stipulation, but does accept the binding term of months for sentencing purposes, Defendant will not have the right to withdraw his plea.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with knowingly and willfully conspiring with other persons known and unknown to the United States Attorney to commit an offense against the United States, to wit: to violate Title 21, United States Code, Section 841(c)(1). It was the purpose and object of the conspiracy knowingly and intentionally to possess and distribute Pseudoephedrine, a List I chemical, with intent to manufacture a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 846.

The Court then heard the testimony of Harrison County Deputy Sheriff Michael Weiss, who

testified he is assigned to the Harrison/Lewis County Drug Task Force. He was familiar with the investigation of Defendant, as headed by Deputy Darren Stout. He was familiar with the time frame of the investigation as being from April 2006 until February 2007. He was aware through his investigation of methamphetamine being manufactured in the Roanoke and Lewis County areas. Search warrants were served in Roanoke, Jane Lew, and at Defendant's home in Weston. It became clear during the investigation that Defendant was involved in a conspiracy to possess and distribute pseudoephedrine with the intent to manufacture methamphetamine. Other individuals were involved in the conspiracy, including Rusty Foster, who were previously prosecuted in this District for manufacture of methamphetamine.

Recovered in the search of Defendant's residence in Weston was a box of cold pills, a recipe for manufacturing methamphetamine, tubing, and other materials that are indicative of the manufacture of methamphetamine. Upon questioning by the undersigned, Deputy Weiss testified that Defendant's general role in the conspiracy appeared to be in both cooking methamphetamine and in obtaining materials (with Foster and others associated with Foster) for use in the manufacturing of methamphetamine.

The defendant stated he had heard, understood, and agreed with Deputy Weiss' testimony. Thereupon, Defendant, Nicholas Shane Matthews, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

The undersigned United States Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant is aware that it is the District Judge who will decide whether to accept his plea and sentence him; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, in particular the binding terms of the sentence; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Michael Weiss.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in the one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is continued in the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this  28th  day of May, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE